# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BENNY G. MANZANARES,

       Plaintiff,

v.                                                                                          No. CIV-05-1251 JB/WDS

STATE OF NEW MEXICO,
DIST. JUDGE THOMAS HYNES,
A.D.A. ERIC MORROW,
P.D. ERIN ANDERSON,

       Defendants.

## MEMORANDUM OPINION AND ORDER

       **THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review Plaintiff's civil rights complaint.  Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis.  For the reasons stated below, the Court will dismiss the complaint.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  In reviewing the Plaintiff's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the

allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint names the State of New Mexico, a state court judge, an assistant district attorney, and a state public defender as Defendants. The Plaintiff alleges that the parties conspired to increase his criminal sentence by improperly including prior convictions in the calculation of the sentence. He seeks damages.

The Plaintiff's claim of illegal sentence appears to call into question the constitutionality of the judgment by which Plaintiff is incarcerated. The Supreme Court of the United States' decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars the claim. In *Heck v. Humphrey,* the Supreme Court held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Complaint does not allege that the Plaintiff's sentence has been set aside, *see id*. at 486-87, and thus his allegations of illegal sentence fail to state a claim cognizable under § 1983, s*ee Webber v. Weaver*, No. 00-6093, 2001 WL 237344, at *2 (10th Cir. Mar. 9, 2001). *But see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action). The Court will dismiss the Complaint without prejudice.

**IT IS THEREFORE ORDERED** that the Plaintiff's Complaint is DISMISSED without prejudice; pending motions are DENIED as moot; and, pursuant to rule 58(a)(2)(A)(iii) of the Federal Rules of Civil Procedure, judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

-2-